

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| VS. | § | CASE NO. 1:06CR10(1) |
| | § | |
| TOMMY DARE HANCOCK | § | |

## FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District

of Texas, the District Court referred this matter for hearing and the submission of findings of fact

and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States

alleges that the defendant, Tommy Dare Hancock, violated conditions of supervised release

imposed by United States District Judge Marcia A. Crone. The United States Probation Office filed

its *Petition for Warrant or Summons for Offender Under Supervision* (doc. #121) requesting the

revocation of the defendant's supervised release. The Court conducted a hearing on April 29, 2015,

in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. The defendant was

present and represented by counsel at the hearing. Having heard the evidence, this court factually

finds that the defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure11, the Court finds:

a.      That the defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b.      That the defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A.  Procedural History

On October 3, 2006,  The Honorable Marcia A. Crone of the Eastern District of Texas sentenced defendant after he pled guilty to the offense of possession with intent to distribute 50 grams or more, but less than 500 grams, of methamphetamine, a Class B felony.  The Court sentenced the defendant to 115 months imprisonment followed by 5 years of supervised release subject to the standard conditions of release, plus special conditions to include drug testing, drug and treatment, and a $100 special assessment.  On October 15, 2013, Mr. Hancock completed his period of imprisonment and began service of the supervision term.

On February 24, 2015, the Court modified Mr. Hancock's conditions of supervised release

to include placement on home detention for 90 days with electronic monitoring. The monitor was installed on March 18, 2015, and it was removed on April 21, 2015, when Mr. Hancock was arrested. Mr. Hancock has 55 days of unserved home detention.

### B. Allegations in Petition

The United States Probation Office alleges that the defendant violated the following standard condition of supervised release:

> *The defendant shall not leave the judicial district without permission of the Court or probation officer.*

Specifically, on or about August 21, 2014, Mr. Hancock traveled to Montgomery County, Texas without permission of the Court or probation officer. Also, on or about February 1, 2015, Mr. Hancock traveled to Hunt County, Texas, without permission of the Court or probation officer.

### C. Evidence presented at Hearing:

At the hearing, the Government proffered the following evidence as its factual basis for the allegations set out *supra*. The Government would show that on February 1, 2015, Mr. Hancock was arrested by the Greenville Police Department in Hunt County, Texas, on a charge of possession of a controlled substance. The Government would also present evidence showing that Hunt County is outside of the Eastern District of Texas. Further, the Government would proffer testimony that Mr. Hancock traveled to Montgomery County, Texas - also outside of the Eastern District of Texas - on or about August 21, 2014. Finally, there would be testimony establishing that Mr. Hancock did not receive permission from his probation officer or the Court to travel outside of the Eastern District on either of the dates set forth above.

Defendant, Tommy Dare Hancock, offered a plea of true to the allegations. Specifically,

he agreed with the evidence summarized above and pled true to the allegation that he traveled outside of the district without permission in violation of his supervision conditions.

### D. Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a standard condition of his supervised release by traveling outside of the Eastern District of Texas without permission. This conduct constitutes a Grade C violation under U.S.S.G. § 7B1.3(a)(1). Upon finding a Grade C violation, the Court may revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2).

Based upon the Defendant's criminal history category of VI and the Grade C violation, the sentencing guidelines suggest a sentence of imprisonment for a period ranging from 8 to 14 months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class B felony, the statutory maximum imprisonment term upon revocation is three (3) years. *See* 18 U.S.C. § 3583(e)(3).

According to U.S.S.G. § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with a sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under U.S.S.G. § 7B1.4, and any such unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment. In this case, according to the records submitted by the Probation Office, Mr. Hancock failed to serve 55 days of court-ordered home detention time.

If the Court revokes a defendant's term of supervision and orders the defendant to serve a

term of imprisonment for that revocation, the Court may also require that the defendant be placed on a new term of supervised release. *See* 18 U.S.C. § 3583(h). The length of this term of supervised release shall not exceed the term of supervised release authorized by statute for the offense which resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. *Id.* In this case, the authorized term of supervised release by statute is not more than life. *See* 18 U.S.C. § 3583(h); *see also* U.S.S.G. § 7B1.3(g)(2).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States v. Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that the defendant violated his supervision conditions. Mr. Hancock pled true, agreed with the Court's recommended sentence for that violation, and waived his right to allocute before the District Court.

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate judge recommends that the District Court order Defendant to serve a term of **fourteen (14) months** imprisonment. This term includes the 55 days of unserved home detention time. If possible, the Court **recommends placement in the Federal Correctional Institution (FCI) in Big Spring, Texas,** for the prison term.

The Court further recommends that, upon his release from prison, the defendant serve a new term of **supervised release of three (3) years**. The new term of supervision should be subject to the mandatory and standard conditions adopted by the Court and imposed in the original judgment of conviction. The Court further finds that the special conditions stated in the judgment originally imposed by the District Court are still relevant based on the record of the case and the evidence submitted by the Probation Office in conjunction with the petition to revoke.

## OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n*., 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual

evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 6th day of May, 2015.**

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE